Colby B. Springer (SBN 214868)
cspringer@polsinelli.com
**POLSINELLI** *LLP*
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 248-2100
Facsimile: (415) 248-2101

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTINEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>WOODLAND CLINIC MEDICAL GROUP, a Medical Corporation; DIGNITY HEALTH, a California Corporation; DIGNITY COMMUNITY CARE, a Colorado Corporation; and Does 1-50, Inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446**<br><br>(San Francisco County Superior Court Case No. CGC-19-580640) |

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Woodland Clinic Medical Group, Dignity Health and Dignity Community Care (collectively, "Defendants"), hereby remove the above-referenced action filed by Plaintiff Jose Martinez from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, and in support of this removal state as follows:

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On or about November 8, 2019, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Francisco, entitled *Jose Martinez v. Woodland Clinic Medical Group, et al.*, Case No. CGC-19-580640 (the "State Court Action").

2. Plaintiff alleges that Defendants used "consumer and/or investigative consumer reports (referred to as 'background reports') to conduct background checks on Plaintiff and current and former employees" without providing the "proper release and disclosure authorization." (Complaint at ¶¶ 1, 4.) The Complaint asserts that Defendants' purported use of such background reports violated (1) the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and (2) the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civil Code §§ 1786, *et seq.*

3. Defendants were served with the Complaint on December 11, 2019. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after the December 11, 2019 service of the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and Summons served in the State Court Action is attached hereto as **Exhibit A**. No further proceedings have occurred in the State Court Action as of the date of filing this Notice of Removal.

## SUBJECT MATTER JURISDICTION

4. This Court has original jurisdiction over this action because the Complaint – which asserts violations of the FCRA – raises an issue of federal law. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is governed by the "well-pleaded complaint rule" which provides that "the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's 'right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.'" *Siegel v. Pritchett*, No. 16-cv-03998-KAW, 2016 WL 4251598, at *1 (N.D. Cal. July 19, 2016).

5. Here, Plaintiff's Complaint directly raises an issue of federal law: whether Defendants' alleged use of consumer reports violated the FCRA.

6. In addition to having original jurisdiction over Plaintiff's FCRA claim, the Court also has supplemental jurisdiction over Plaintiff's ICRAA cause of action, as Plaintiff's right to

relief under the ICRAA arguably requires resolution of the FCRA claim. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." State claims are part of the same case or controversy as federal claims "'when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.'" *Castillo-Antonio v. Hernandez*, Case No. 19-cv-00672-JCS, 2019 WL 2716289, at *5 (N.D. Cal. June 28, 2019).

7. Supplemental jurisdiction is mandatory unless prohibited by § 1367(b) (which applies only to diversity jurisdiction cases) or one of the following exceptions in § 1367(c) applies: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *See Castillo-Antonio*, 2019 WL 2716289, at *5.

8. Here, Plaintiff's ICRAA claim – which is based on Defendants' alleged use of background reports on current and former employees – shares a common nucleus of operative facts and is "part of the same case or controversy" as the FCRA claim. The Court therefore has mandatory supplemental jurisdiction over the ICRAA claim pursuant to § 1367(a), as no exception in § 1367(c) applies.

## **VENUE**

9. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of San Francisco, which is located within the Northern District of California.

**NOTICE TO THE SUPERIOR COURT**

10. In accordance with 28 U.S.C. § 1446(d), Defendants will provide written notice to Plaintiff's counsel of the filing of this Notice of Removal, and will file a true and correct copy of their Notice of Removal with the clerk of the San Francisco County Superior Court.

WHEREFORE, Defendants pray that the above action pending before the Superior Court of the State of California, County of San Francisco, be removed to the United States District Court for the Northern District of California.

Dated: January 10, 2020

By: /s/ *Colby Springer*
Colby B. Springer (SBN 214868)
cspringer@polsinelli.com
**POLSINELLI** *LLP*
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 248-2100
Facsimile: (415) 248-2101

Attorney for Defendants